**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Grand Bees Development, LLC, Respondent,

v.

South Carolina Department of Health and Environmental Control and County of Charleston, Appellants.

Appellate Case No. 2013-001141

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

Unpublished Opinion No. 2015-UP-269
Heard October 9, 2014 – Filed May 27, 2015

**AFFIRMED**

Joseph Dawson, III, Bernard E. Ferrara, Jr., Austin Adams Bruner, Bradley Allen Mitchell, and Johanna Serrano Gardner, all of North Charleston, for Appellant County of Charleston.

Etta R. Linen and Jacquelyn Sue Dickman, both of Columbia, for Appellant South Carolina Department of Health and Environmental Control.

George Trenholm Walker, of Pratt-Thomas Walker, PA, of Charleston, and Jamie A. Khan and Ross A. Appel, both of McCullough Khan, LLC, of Charleston, for Respondent.

---

**PER CURIAM:**  The County of Charleston and the South Carolina Department of Health and Environmental Control (DHEC) appeal the administrative law court's (ALC's) order vacating DHEC's granting of a permit modification for the expansion of the Bee's Ferry Landfill.  The County and DHEC argue the ALC erred in finding DHEC failed to properly determine whether the permit modification is consistent with all applicable local ordinances.  We affirm.

## I.      Facts and Procedural History

Grand Bees Development, LLC has owned approximately 311 acres located off Bees Ferry Road in Charleston since November 15, 2004.  The County owns and operates the Bees Ferry Landfill, which is also located on Bees Ferry Road.  The Grand Bees property and the landfill share a common boundary.

The Grand Bees property is zoned Planned Unit Development by the City of Charleston and is designated for residential land use.  The property is part of a larger development called Bees Landing—also known as Grand Oaks—which was first approved by City Council in 1993.  At the time of the hearing before the ALC, Grand Oaks consisted of approximately 1,500 homes in addition to parks, pools, and other infrastructure.  The Grand Bees property takes up approximately twenty-six percent of the total land area in Grand Oaks.

The County has operated the landfill at its current location since approximately 1977 and currently operates under a DHEC permit issued in 1997.  The landfill includes several cells; one of the cells consists of construction, demolition, and land-clearing debris and is classified as a "Class II" mound.  In November 2007, the County submitted a permit modification for vertical and lateral expansion of the mound.  This expansion would increase the height of the mound from seventy-four feet above mean sea level to one hundred sixty-eight feet above mean sea level and expand the footprint of the mound by 5.5 acres.  The expansion would increase the mound's maximum disposal capacity from 2.5 million to 5.4 million cubic yards.  DHEC granted the permit modification on January 17, 2008, and Grand Bees learned of the modification during the following fifteen days.

Grand Bees requested a contested case hearing before the ALC to challenge DHEC's decision to grant the permit modification. The ALC held DHEC erred in granting the modification because the County failed to obtain a "special exception" in accordance with its own zoning ordinances and the County of Charleston Zoning and Land Development Regulations (ZLDR). Consequently, the ALC vacated the permit modification and reversed and remanded the matter to DHEC.

After the ALC vacated the permit modification, the County amended its zoning ordinances to eliminate the requirement of a "special exception" as a precondition to expanding the landfill. After the matter was remanded, DHEC reconsidered the 2007 permit application, and the County provided some additional zoning information to supplement the application. DHEC did not readdress any of its previous consistency determinations, but it did determine compliance with the ZLDR. Kent Coleman—director of DHEC's Division of Mining and Solid Waste Management—testified DHEC also consulted updated aerial photographs.

On April 12, 2011, a DHEC employee sent an internal memorandum stating department staff initiated a review to determine if the expansion is consistent with local zoning. This review included County zoning ordinances, a County zoning map, and a letter from the County's Planning Department. The memorandum explained DHEC determined the proposed expansion was consistent with the County's land-use planning and zoning; however, it did not make reference to any other local ordinances.

DHEC granted the second permit modification authorizing the same expansion as the first permit modification, and Grand Bees requested a contested case hearing before the ALC. The ALC reversed DHEC's decision and vacated the second permit modification.

## II. Law and Analysis

This court may reverse a decision of the ALC if it is affected by an error of law or is "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." S.C. Code Ann. § 1-23-610(B) (Supp. 2014). DHEC may not issue a permit to expand a landfill "unless the proposed facility or expansion is consistent with local zoning, land use, and other applicable local ordinances, if any." S.C. Code Ann. § 44-96-290(F) (2002). Section 10-22 of Ordinance 180 of the Charleston County Code of Ordinances—adopted in 1974—provides minimum

standards for the operation of landfills and requires landfills to "[c]onform with the surrounding environment" and "[c]onform with future development of the area."

The ALC found DHEC did not make a proper consistency determination because it failed to consider section 10-22 of the county ordinance. The parties do not dispute that the ordinance is still in force or that DHEC did not consider the ordinance when making its consistency determination. However, the County argues DHEC did not need to consider the ordinance to determine consistency. The County's position is based on the claim that the ZLDR addresses the same substantive requirements as section 10-22 and is more specific; therefore, DHEC's consideration of the ZLDR also constituted a consistency determination regarding section 10-22.

We examined the ZLDR in detail and cannot find provisions similar to the requirements in section 10-22 that a landfill conform to the surrounding environment and future development in the area. Moreover, in its brief and at oral argument, the County did not identify a provision in the ZLDR imposing the same requirements as section 10-22.[1] Consequently, we find the ALC did not err in finding DHEC failed to make a proper consistency determination. Because this finding requires that we affirm the ALC's order vacating the permit modification, it is unnecessary for us to consider the other issues raised by the County and DHEC, and the order of the ALC is **AFFIRMED.**

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**

---

[1] The County and DHEC assert several other arguments that DHEC's failure to make a consistency determination as to section 10-22 should not invalidate the permit modification. We do not agree with any of the arguments, and adopt the reasoning of the ALC as to each argument it addressed. Any additional arguments not addressed by the ALC are not preserved. *See Travelscape, LLC v. S.C. Dep't of Revenue*, 391 S.C. 89, 109-110, 705 S.E.2d 28, 39 (2011) (holding arguments were unpreserved because the ALC did not address the arguments in its final order).